IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HUDSON SURGICAL DESIGN, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 10-cv-04459 |
| v. ) | |
| ) | Honorable Ruben Castillo |
| BIOMET ORTHOPEDICS, LLC and ) | Magistrate Judge Michael T. Mason |
| BIOMET MANUFACTURING ) | |
| CORPORATION, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. | |

### FIRST AMENDED COMPLAINT

Plaintiff, Hudson Surgical Design, Inc. ("Hudson") complains of defendants Biomet Orthopedics, LLC and Biomet Corporation (collectively "Biomet") as follows:

### THE PARTIES

1. Hudson is a Washington corporation having its place of business at 3629B Evanston Avenue North, Seattle, Washington 98103.

2. Biomet Orthopedics, LLC is an Indiana limited liability company having a place of business at 56 East Bell Drive, Warsaw, Indiana 46581. Biomet Orthopedics, LLC is a subsidiary of Biomet, Inc.

3. Biomet Manufacturing Corporation is an Indiana corporation having a place of business at 56 East Bell Drive, Warsaw, Indiana 45681. Biomet Manufacturing Corporation is a subsidiary of Biomet, Inc.

4. Hudson's original Complaint filed on July 19, 2010 named Biomet, Inc. as the sole defendant. (Dkt. No. 1). In its Answer, Affirmative Defenses and Counterclaim filed on August 31, 2010, Biomet, Inc. identified its subsidiaries Biomet Orthopedics, LLC and Biomet Manufacturing

Corporation as the entities that have been involved with the activities that are accused of infringement. (Dkt. No. 14, a pp. 5-7).  Hudson, Biomet, Inc., Biomet Orthopedics, LLC and Biomet Manufacturing Corporation thereafter stipulated and agreed that Hudson would file an amended complaint removing Biomet, Inc. from the suit, without prejudice, and replacing Biomet, Inc. with Biomet Orthopedics, LLC and Biomet Manufacturing Corporation.  Accordingly, this First Amended Complaint replaces Biomet, Inc. with Biomet Orthopedics, LLC and Biomet Manufacturing Corporation.

## JURISDICTION AND VENUE

5.  This is a complaint for patent infringement under the patent laws of the United States, Title 35 of the United States Code.  This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a).  Venue in this district is proper under 28 U.S.C. §§ 1400(b) and 1391(c).

## PATENT INFRINGEMENT

6.  Hudson owns full right, title and interest in, has the sole and exclusive right to enforce and has standing to sue and recover damages for, infringement of U.S. Patent No. 7,344,541 ("the '541 patent"), entitled "Methods and Apparatus for Femoral and Tibial Resection."  (Ex. A).

7.  The '541 patent was issued by the United States Patent and Trademark Office on March 18, 2008.

8.  Hudson previously enforced the '541 patent in *Hudson Surgical Design, Inc. v Zimmer Holdings, et al.*, Civil Action No. 08 C 1566 (N.D. Ill.) ("the Zimmer suit").  The Zimmer suit was settled in September 2009.  Hudson is currently enforcing the '541 patent in *Hudson Surgical Design, Inc. v. DePuy Orthopaedics, Inc.*, Civil Action No. 1:10-cv-02103 (N.D. Ill), which

is pending before the Honorable William T. Hart.

9. Biomet has designed, made, marketed, provided, distributed and sold instruments for use in minimally invasive total knee arthroplasty, including the Microplasty Elite Knee Instrumentation, the Microplasty Knee Instrumentation with Slidex technology, the Premier Knee Instrumentation and the Signature Personal Patient Care System. These are collectively referred to as the "Biomet MIS TKA instruments." Biomet also has designed, made, marketed, provided and distributed surgical techniques for minimally invasive total knee arthroplasty using the Biomet MIS TKA instruments. These surgical techniques are collectively referred to as the "Biomet MIS TKA techniques."

10. The Biomet MIS TKA instruments were designed, made and adapted, and have been marketed, provided, distributed and sold, for use in performing the Biomet MIS TKA techniques and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

11. The Biomet MIS TKA techniques were designed, made and adapted, and have been marketed, provided and distributed, for use with the Biomet MIS TKA instruments and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

12. Biomet has designed, made, marketed, provided, distributed and sold implants for implantation using the Biomet MIS TKA instruments and the Biomet MIS TKA techniques.

13. By letter dated July 14, 2008, Hudson charged Biomet with infringement of at least claims 1, 2, 5-13, 21-33 and 41-48 of the '541 patent based on the Biomet MIS TKA instruments and the Biomet MIS TKA techniques. Hudson notified Biomet of Hudson's then-pending patent infringement lawsuit against Zimmer and stated that "[o]nce it has addressed Zimmer's infringement Hudson Surgical Design intends to seek relief for Biomet's past and continued infringement of the

'541 patent, including monetary damages and injunctive relief. Furthermore, Hudson Surgical Design's investigation of Biomet's products and activities is ongoing, and Hudson Surgical intends to seek appropriate relief for any additional infringement that it may discover." (Ex. B).

14. In March and June 2010, Hudson provided Biomet with charts applying claims of the '541 patent and its allowed U.S. Patent Application No. 10/977,365 to the Biomet MIS TKA instruments and the Biomet MIS TKA techniques.

15. Biomet has directly infringed at least claims 21-33 and 41-48 of the '541 patent by providing implants, the Biomet MIS TKA instruments and the Biomet MIS TKA techniques to hospitals and surgeons throughout the United States, including in this judicial district.

16. Biomet has also contributed to infringement by surgeons and actively induced surgeons to infringe at least claims 21-33 and 41-48 of the '541 patent by providing implants, the Biomet MIS TKA instruments and the Biomet MIS TKA techniques to hospitals and surgeons throughout the United States, including in this judicial district.

17. Biomet has also contributed to infringement by surgeons and actively induced surgeons to infringe at least claims 1, 2 and 5-13 of the '541 patent by providing implants, the Biomet MIS TKA instruments and the Biomet MIS TKA techniques to hospitals and surgeons, and by training surgeons to use these implants, instruments and techniques throughout the United States, including in this judicial district.

18. Biomet's unlawful acts of infringement of the '541 patent will continue unless enjoined by this Court.

4

19. Hudson has complied with the marking and notice requirements of 35 U.S.C. § 287.

20. Biomet's infringement of the '541 patent has occurred with knowledge of the '541 patent and willfully, intentionally and deliberately in violation of 35 U.S.C. § 284. As stated above, Biomet was given actual notice of its infringement of the '541 patent by at least July 14, 2008. Biomet has not taken steps to avoid infringement; instead, Biomet has continued to infringe the '541 patent in an objectively reckless manner.

21. Hudson has been injured by Biomet's ongoing infringement of the '541 patent and is entitled to recover damages adequate to compensate it for the infringement that has occurred.

### REQUESTED RELIEF

WHEREFORE, Hudson requests that a judgment be entered as follows:

A. A finding that Biomet has infringed the '541 patent;

B. An award to Hudson of such damages as it can prove at trial against Biomet sufficient to fully and adequately compensate Hudson for the acts of infringement that have occurred, said damages to be no less than a reasonable royalty;

C. An award to Hudson for any damages so determined that are found for willful infringement, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

D. An injunction prohibiting Biomet, and all those acting in concert or participation with Biomet, from further acts of infringement of the '541 patent;

E. An award to Hudson of costs and its reasonable attorneys' fees; and

F. Such other relief as this Court and the jury may determine to be proper and just.

## JURY DEMAND

A trial by jury is hereby demanded on all issues triable to a jury in this case.

                                               *s/David J. Sheikh*
Christopher J. Lee
David J. Sheikh
Richard B. Megley, Jr.
Laura A. Kenneally
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois  60602
(312) 236-0733

**Attorneys for Plaintiff, Hudson Surgical Design, Inc.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **FIRST AMENDED COMPLAINT** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

>Douglas D. Salyers (doug.salyers@troutmansanders.com)
>TROUTMAN SANDERS LLP
>Bank of America Plaza
>600 Peachtree Street, NE, Suite 5200
>Atlanta, Georgia 30308-2216
>Phone: (404) 885-3000
>
>Robert E. Browne, Jr. (robert.browne@troutmansanders.com)
>TROUTMAN SANDERS LLP
>55 W. Monroe Street, Suite 3000
>Chicago, Illinois  60603
>Phone: (312) 759-1923
>
>*Attorneys for Defendants*

on September 14, 2010.

*s/David J. Sheikh*