UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HUDSON SURGICAL DESIGN, INC., <br><br> Plaintiff, <br><br> v. <br><br> BIOMET ORTHOPEDICS, LLC and BIOMET MANUFACTURING CORPORATION, <br><br> Defendants. | Case No. 3:10-CV-00465-JD-CAN |

## PLAINTIFF'S UPDATED STATUS REPORT

Plaintiff, Hudson Surgical Design, Inc. submits this Updated Status Report as required by the Court's December 8, 2010 Order granting Defendants' motion to stay this suit pending reexamination of the patent-in-suit by the U.S. Patent and Trademark Office ("USPTO") (Dkt. No. 47) and as an update to the Status Report filed by Plaintiff on February 8, 2011 (Dkt. No. 52).

Following Plaintiff's response to the Office Action in the reexamination on January 24, 2010, Defendants filed comments on the response under 37 C.F.R. § 1.947 on February 23, 2011. The USPTO issued a Notice Re Defective Paper in Inter Partes Reexamination on March 25, 2011 requiring Plaintiff to comply with formal requirements relating to the format and content of submissions in the reexamination. Plaintiff replied to this notice on April 22, 2011 and Defendants filed additional comments on May 23, 2011.

On August 29, 2011, the USPTO issued an Action Closing Prosecution (ACP). The ACP sustained some of the rejections adopted in the Office Action, withdrew others, and also set forth new rejections. Plaintiff submitted its comments on the ACP under 37 C.F.R. § 1.951 on September 29, 2011. Plaintiff argued that the construction of the claims used in the ACP to sustain the rejections was improper in view of the specification and prosecution history of the

'541 patent. Plaintiff also submitted proposed amendments to a number of the claims to clarify the proper scope of the claims and argued that the rejections should be withdrawn in view of the proper scope of the claims and/or the proposed amendment.

Under *inter partes* reexamination procedures, Defendants now have an opportunity to provide written comments directed to Plaintiff's comments and the ACP within 30 days from the date of service of Plaintiff's comments. See 37 C.F.R. § 1.951. Plaintiff expects that, following Defendants' response, the USPTO will issue a Right of Appeal Notice (RAN) within 2 to 4 months that would place the reexamination in condition for an appeal to the Board of Patent Appeals and Interferences (BPAI), either by continuing to maintain the grounds of rejection or withdrawing the grounds of rejection. Alternatively, the USPTO could reopen prosecution and issue another Office Action on the merits.

If the USPTO issues a RAN, each party has 30 days or one month to file a notice of appeal, followed by a period of 14 days for the filing of cross-appeals. See 37 C.F.R. § 41.61. Following the notices of appeal, appellant briefs are due two months from the last filed appeal or cross-appeal and respondent briefs are due one month from the date of service of the appellant briefs. See 37 C.F.R. § 41.66. The examiner may then file an examiner's answer followed by an appellant rebuttal brief due one month from the examiner's answer. See 37 C.F.R. §§ 41.66 and 41.69. Once the briefing is completed, the BPAI holds an oral hearing if requested by either party, and then issues a decision. See 37 C.F.R. § 41.73. That initial decision is subject to a petition for rehearing, and can either result in the case being returned for prosecution on the merits or can be appealed by either party to the Federal Circuit. See 37 C.F.R. §§ 41.79 and 41.81.

Based on a review of all of the BPAI decisions issued in *inter partes* reexamination cases over the last several years, *inter partes* reexamination cases are currently averaging a delay of between 1.5 to 2 years from the issuance of a RAN to a decision by the BPAI. So, if the USPTO

does issue a RAN as its next step in this *inter partes* reexamination, it will likely be at least 2 years before there is an initial decision by the BPAI.

        Respectfully submitted,

        */s/David J. Sheikh*
        Christopher J. Lee
        David J. Sheikh
        Richard B. Megley, Jr.
        Laura A. Kenneally
        NIRO, HALLER & NIRO
        181 W. Madison, Suite 4600
        Chicago, IL 60602
        (312) 236-0733
        Fax: (312) 236-3137
        Email(s) : clee@nshn.com; sheikh@nshn.com; megleyjr@nshn.com; lkenneally@nshn.com

        Patrick D. Murphy (14312-49)
        Boveri Murphy Rice, LLP
        400 Plaza Building
        210 South Michigan Street
        South Bend, Indiana 46601
        Telephone: 574-232-0300
        Facsimile: 574-232-0400
        Email: pmurphy@bmrllp.com

        ***Attorneys for Plaintiff/Counter-Defendant, Hudson Surgical Design, Inc.***

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 11, 2011 the foregoing

**PLAINTIFF'S UPDATED STATUS REPORT**

was filed under seal with the Clerk of Court pursuant the Court's CM/ECF procedures. The foregoing was also served upon the following counsel of record via electronic transmission.

> Douglas D. Salyers
> (doug.salyers@troutmansanders.com)
> Trenton A. Ward
> (tenton.ward@troutmansanders.com)
> TROUTMAN SANDERS LLP
> Bank of America Plaza
> 600 Peachtree Street, NE, Suite 5200
> Atlanta, Georgia 30308-2216
> Phone: (404) 885-3000
>
> Robert E. Browne, Jr.
> (robert.browne@troutmansanders.com)
> TROUTMAN SANDERS LLP
> 55 W. Monroe Street, Suite 3000
> Chicago, Illinois 60603
> Phone: (312) 759-1923
>
> ***Attorneys for Defendants***

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/David J. Sheikh
Attorneys for Hudson Surgical Design, Inc.
NIRO, HALLER & NIRO