UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PUGET BIOVENTURES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:10-cv-00465-JD-MGG |
| | ) |
| BIOMET ORTHOPEDICS, LLC | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

On March 16, 2017, Plaintiff Puget BioVentures filed its Motion to Lift Stay, entered in this case in December of 2010. Defendant Biomet Orthopedics, LLC ("Biomet") timely filed its response on March 30, 2017. This motion became ripe for ruling when Plaintiff filed its reply brief on April 11, 2017.

**I.    RELEVANT BACKGROUND**

Through its complaint, filed in the Northern District of Illinois on July 19, 2010, Plaintiff alleges that Biomet infringed its patent, U.S. Patent No. 7,344,541 ("'541 patent").[1] On November 4, 2010, this case was transferred to this Court. In October of 2010, before the November transfer, Biomet filed a petition for *inter partes* reexamination ("IPR") of the '541 patent with the Patent and Trademark Office ("PTO").[2] On December 8, 2010, by agreement of the parties, this Court stayed this case pending the completion of the IPR. Since then, the stay has been extended by

---

[1] Hudson Surgical Design, Inc. ("Hudson") was the original Plaintiff in this patent infringement action. On January 15, 2013, Hudson assigned the patent in question to Puget BioVentures, LLC. Puget BioVentures moved to substitute itself as the plaintiff in this case and the Court granted the motion on February 2, 2017. [DE 104]. Therefore, "Plaintiff" will be used to refer to both Hudson Surgical Design, Inc. and Puget BioVentures, LLC throughout this Opinion and Order.

[2] In 2011, *inter partes* reexamination was replaced with a revised process called *inter partes* review designed to propel challenges to the validity of patents forward much more efficiently. *See* 35 U.S.C. § 321.

agreement on multiple occasions throughout a protracted IPR process that has yet to conclude. Until now, the parties had agreed that the case should be stayed until the conclusion of the IPR process. However, the IPR process has been lengthier than either party anticipated at the time the stay was imposed.

After Biomet filed its IPR petition, the PTO Examiner rejected all of the claims in the '541 patent in the first Office Action in the IPR process. In response to the rejections, Plaintiff filed amendments to claims 1, 5, 6, 9, 10, 21-26, 35-38, and 49-52, rather than filing an immediate appeal.[3] Furthermore, Plaintiff rewrote the remaining claims from dependent claims into independent claims. Despite Plaintiff's amendments and rewrites, the Examiner again rejected all of the claims. The Examiner then closed prosecution of the patent, to which Plaintiff responded with further amendments of the '541 patent's claims on September 29, 2011. The Examiner filed a Right of Appeal Notice indicating the amendments made after the close of prosecution were not entered on the patent.

Plaintiff then appealed to the Patent Trial and Appeal Board ("the Board"), which reversed the Examiner's findings in part. Specifically, the Board reversed the Examiner's decision to reject each of the unamended claims. However, the Board affirmed the Examiner's decision to reject each of the amended claims. Plaintiff then filed a request for rehearing, which the Board granted. Upon rehearing, the Board maintained its decision to reverse the Examiner's rejection of the unamended claims, but also decided to reverse the Examiner's rejection of the amended claims. Of particular note, the Board reversed the Examiner's decision to reject amended claims 31, 33, 45, and 47, which remain at issue in this litigation.

---

[3] Upon the Examiner's closing of prosecution, Plaintiff had the ability to appeal the decision to the Board, or amend the claims and reopen prosecution of the patent with the Examiner. *See Biomet Orthopedics, LLC v. Puget BioVentures, LLC*, 640 F. App'x 868 (Fed. Cir. 2016).

2

Biomet then appealed to the Court of Appeals for the Federal Circuit and sought to have the Board's decision regarding both the amended and unamended claims reversed. However, Plaintiff's '541 patent expired on December 24, 2015, before the Court of Appeals came to its decision. Consequently, the Court of Appeals vacated the Board's decision regarding the amended claims because "the PTO does not enter amendments made in IPR after the expiration of the patent." *Biomet Orthopaedics, LLC v. Puget Bioventures, LLC*, 640 F. App'x 868, 870 (Fed. Cir. 2016). The Court further held that the expiration of the patent prevented the amendments from issuing, as amendments cannot issue until the certificate issues, which cannot happen after a patent expires. *Id.* The Court declined to consider the original form of the amended claims because the Board had not considered the original forms. Lastly, the Court of Appeals upheld the Board's confirmation of the unamended claims, and remanded the case to the Board for further consideration of what the appropriate action was in this unusual set of facts. *Id.*

Upon remand, the Board remanded the case to the Examiner for further consideration in light of the Court of Appeals decision. Plaintiff then filed an amendment that cancelled all of the prior amendments to the claims, including amendments to claims 31, 33, 45, and 47. This new amendment reverted each of the prior amended claims to their original forms that had all been previously denied by the Examiner. Biomet opposed this amendment, but the Examiner entered it and the amended claims reverted back to their unamended forms. The Examiner then confirmed the patentability of each of the now-unamended claims on March 3, 2017. The Examiner closed prosecution and the next Office Action will be a Right of Appeal Notice, which will give Biomet an opportunity to further appeal the case to the Board and possibly to the Federal Circuit. The parties agree that appeals may not be exhausted for as long as three more years.

Based on the original Plaintiff's assignment of the '541 patent, the Court substituted Puget BioVentures, LLC as the plaintiff through its Order dated February 1, 2017. [DE 104]. Upon the party substitution, new counsel began prosecuting this action on behalf of Plaintiff. On March 16, 2017, Plaintiff filed both a unilateral status report stating its intention to file a motion to lift the six-and-one-half-year stay in this case and the instant Motion to Lift Stay. The next day, Biomet filed a response in opposition to Plaintiff's status report and Motion to Lift Stay. Biomet opposes Plaintiff's instant motion because it intends to pursue further appeals in the IPR process, which the parties acknowledge may not be fully resolved for another three years.

## II.  LEGAL STANDARD

This Court has "the inherent power to manage its own docket and may use its authority to stay proceedings pending conclusion of a PTO re-examination of a patent." *Lippert Components Mfg. v. Al-Ko Kober, LLC*, No. 3:13-cv-697-JVB-CAN, 2014 WL 8807329, at *2 (N.D. Ind. Jan. 16, 2014). However, a stay should not "be indefinite or otherwise excessive." *Lincoln Int'l Life Ins. Co. v. Transamerica Fin. Life. Ins. Co.*, No. 1:08-cv-135-JVB-RBC, 2009 WL 1108822, at *2 (N.D. Ind. Apr. 24, 2009). Indeed, Fed. R. Civ. P. 1 requires the parties and the Court "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Courts typically consider four factors when deciding whether to maintain a stay pending an IPR. *Lippert*, 2014 WL 8807329, at *2; *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp.2d 1028, 1035 (N.D. Cal. 2013). The party seeking to maintain the stay has the burden of proof to show whether the stay will: (1) unduly prejudice or tactically disadvantage the party opposing the stay; (2) simplify the issues in the litigation and streamline trial; and (3) "reduce the burden of litigation on parties and the court;" and (4) whether the totality of the circumstances and

4

the "interests of justice" favor a stay.  *Lippert*, 2014 WL 8807329, at *2; *Universal Elecs.*, 943 F. Supp. 2d at 1035.  The factor that holds the most weight in this analysis is the first factor of undue prejudice on the party opposing the stay.  *Lippert*, 2014 WL 8807329, at *2.

## III. ANALYSIS

As stated above, a decision on whether to lift the stay and allow this case to proceed or to continue the stay until the IPR is finalized requires an analysis of the four aforementioned factors. The Court will examine each of the factors in turn.

### A. Undue Prejudice to Plaintiff

The first and most important factor addressed in deciding whether to continue or lift a stay is whether the plaintiff will face undue prejudice if the stay is maintained.  Here, Plaintiff argues that the length of time the IPR process has lasted combined with the three years that Biomet's appeal of the Examiner's decision is likely to take constitutes undue prejudice.  It contends that, as the patent owner, it has a great interest in the timely enforcement of its patent rights, and this delay in enforcing those rights will unduly prejudice it.  Plaintiff also asserts that the IPR process and this litigation have further prejudiced it by preventing it from further licensing the '541 patent as well as its broader portfolio of patents.  Plaintiff supports this argument with the assertion that its status as a non-practicing entity does not affect the prejudice factor.  Plaintiff also argues that the age of this case, along with any further delay, creates an evidentiary prejudice.  It states that the device in question was invented in the 1990's, and that the memories of individuals involved in the invention's creation may further decay in the next three years.  Plaintiff states that further delay in the litigation could also result in the decay or loss of documentary evidence.

Additionally, Plaintiff argues that Biomet cannot show that Plaintiff will not be unduly prejudiced or that Plaintiff will not be tactically disadvantaged if the stay were to be maintained.

5

Plaintiff further asserts that Biomet cannot demonstrate that Biomet will be unduly prejudiced by this case moving forward.

Biomet, on the other hand, asserts that it does not bear the burden of proof to justify maintaining the stay. Nevertheless, Biomet rests its argument on the assertion that Plaintiff knew the consequences of agreeing to the stay pending the resolution of the IPR, and cannot back out of its agreement now.

Biomet further argues that Plaintiff will not be unduly prejudiced by maintaining the stay. To support its argument, Biomet asserts that the expiration of the '541 patent precludes Plaintiff from seeking an injunction and its period of damages closed on December 24, 2105. Therefore, Biomet argues, Plaintiff will suffer no more prejudice than it already has since December of 2015 if the stay is continued. Biomet further asserts that Plaintiff cannot be prejudiced by its inability to license the '541 patent because it expired in 2015. It further alleges that Plaintiff cannot now claim evidentiary prejudice because that concern has existed since the start of this case in 2010, and Plaintiff did not raise this as a concern then, or in the subsequent seven years. While Biomet distinguishes the facts of the cases cited by Plaintiff from the facts of this case, it does not cite any case law of its own to further support its assertions.

The Court is neither persuaded by Biomet's argument that Plaintiff could have reasonably anticipated the total consequences of its agreement when it acquiesced to the stay in 2010, nor convinced that the Plaintiff intended to be permanently bound by that agreement. At that time, Plaintiff had a reasonable belief that the IPR would take about three years to complete. It is doubtful that Plaintiff would have agreed to the stay had it known the stay would last ten or more years. The circumstances have changed substantially since Plaintiff agreed to the stay, and

Plaintiff should not be permanently held to the agreement it made under substantially different circumstances.

Biomet also fails to meet its burden of proof to show that the stay will not unduly prejudice Plaintiff if it is maintained. Biomet asserts that Plaintiff abused the IPR process by pursuing amendments rather than promptly appealing the Examiner's IPR decisions. As such, Biomet contends that Plaintiff caused the delay in this litigation and cannot now complain of the length of the stay. Yet Biomet cites no authority in support of this argument that a continuing stay will not unduly prejudice Plaintiff. Instead, Biomet repeatedly asserts – without authority – that the delay is Plaintiff's own fault.

The Court is not persuaded. A stay approaching seven years with the prospect of three more years prejudices any plaintiff seeking redress of grievances. With no authority to the contrary, the Court cannot find the delay to be nonprejudicial to the Plaintiff, as Biomet asserts. Moreover, in a parallel case before this Court, *Puget Bioventures, LLC v. DePuy Orthopedics, Inc.*, (Cause No. 3:10-cv-463-JD-MGG), cases were cited showing that stays of two to three years were not prejudicial. *See USCO S.p.A v. ValuePart, Inc.*, No. 2:14-cv-02590, 2015 WL 4601192, at *5 (W.D. Tenn. July 29, 2015), *Robert Bosch Healthcare Sys., Inc. v. Express MD Sols., LLC*, No. C 12-00068 JSW, 2013 WL 752474, at *3 (N.D. Cal. Feb. 27, 2013), *SMT Sols., Inc. v. ExpoEvent Supply LLC*, No. 11-6225, 2012 WL 3526830, at *3 (D.N.J. Aug. 15, 2012), and *Tse v. Apple, Inc.*, No. C 06-06573, 2010 WL 1838691, at *5 (N.D. Cal. May 5, 2010). No cases, however, were presented by those parties or found in this Court's independent research, addressing the prejudicial effect of a seven-to-ten-year stay.

While it may have been the case that delay in itself was not undue prejudice had this motion occurred in the first two or three years of the IPR process, it is undue prejudice here to continue

7

the stay in this case. The added three years, in combination with the seven years this case has already been stayed, constitutes undue prejudice towards Plaintiff.

Similarly, the risk of evidentiary prejudice to Plaintiff as well as a delayed recovery of any damages from a continued stay demonstrate undue prejudice. Even though Plaintiff's damages cannot grow because the patent expired in 2015, Plaintiff will still be prejudiced if it is further delayed in collecting the alleged damages that potentially already accrued. Furthermore, given the age of this case and the patent, the risk of lost or forgotten documentary and testimonial evidence over the next three years is substantial and can be mitigated by lifting the stay.

Notably, a delay in litigation alone does not constitute undue prejudice. *USCO S.p.A v. ValuePart, Inc.*, No. 2:14-cv-02590, 2015 WL 4601192, at *5 (W.D. Tenn. July 29, 2015). Yet, the excessively long delay combined with the disadvantages to Plaintiff from any further deterioration of evidence and resulting delayed chance of recovery create a unique set of circumstances and prejudice. Therefore, this first, and most important factor, weighs in favor of lifting the stay.

### B. Simplification of Issues

The question remains, however, as to whether maintaining the stay will further simplify the issues and streamline any future trial. Plaintiff asserts that the Examiner's most recent Office Action confirming the patentability of claims 31, 33, 45, and 47 has sufficiently narrowed the issues to streamline any future trial. As such, Plaintiff relies upon the presumption of validity to support its conclusions that the validity of the claims at issue are no longer in doubt. In addition, Plaintiff argues that the claims cannot be further simplified even if Biomet pursues further appeals.

Biomet disagrees. According to Biomet, even if the Examiner is correct regarding the claims' patentability, the claims may be invalidated on procedural grounds related to amendments

issued after the patent's expiration. Biomet also argues that the appeal process may still narrow the claims further.

Biomet is correct. The IPR appeal could indeed simplify the issues in this case as to the remaining claims by invalidating all of the patent's claims, regardless of the presumption of validity that Plaintiff advocates. Therefore, the second factor of simplifying the issues weighs in favor of continuing the stay.

### C. Burden of Litigation

In addressing the burden of litigation on the parties and the Court, Plaintiff argues that this Court is well-suited to resolve this case within the three-year time period it is likely to take Biomet to exhaust its appeals. In support, Plaintiff points to *Smart Modular Techs., Inc. v. Netlist, Inc.*, No. 2:12-cv-02319-TLN-EFB, 2016 U.S. Dist. LEXIS 129070, at *6 (E.D. Cal. Sept. 20, 2016), where the court found this factor to be neutral because

> important events such as discovery deadlines, submitting of motions, hearings, trial etc., cannot occur. In contrast, lifting the stay allows the action to advance, and should a decision be rendered by the PTAB appropriate adjustment could then be made. Thus, while the case is still in its infancy, the Court finds this factor to be neutral.

*Id*. at *6-7. With this litigation is still in its early stages, despite being over seven years old, Plaintiff asserts that lifting the stay would allow it to move through the pretrial process in an efficient manner due to the local patent rules.

However, Biomet argues that maintaining the stay will reduce the burden on the parties and Court. Biomet asserts that it is unduly burdensome to begin litigation at this point when the appeal process could eliminate the remaining claims.[4] Biomet contends that beginning litigation

---

[4] It is unknown at this time when – or if – Biomet will file its appeal. Based on the parties' arguments, the Court assumes that Biomet will pursue all its appeal options. Nevertheless, the Court recognizes that if Biomet declines to file an appeal in the IPR process, the stay in this case becomes moot.

now will result in the expenditure of time and resources over an "altogether meritless suit." [DE 99 at 14].

Biomet further argues that the motion to lift the stay is inappropriate because this case will need repleading and Rule 12 motions practice before it can move forward. In support, Biomet cites the Supreme Court's 2015 amendment of the Federal Rules requiring patent cases to meet the *Iqbal* and *Twombly* pleading standards. Plaintiff's amended complaint was filed before this amendment, and Biomet argues that this case requires repleading in order to satisfy this new requirement.

In response, Plaintiff asserts that Biomet's contention that this case will require repleading and Rule 12 motions practice is nothing more than a tactic to delay this case as long as possible. Plaintiff argues that courts do not apply the Supreme Court's 2015 amendment to the Federal Rules retroactively, citing *Imation Corp. v. Sanho Corp.*, No. 15-1883 (JRT/JSM), 2016 WL 4179363, at *3-4 (D. Minn. Aug. 5, 2016). Plaintiff further responds that this Court's local patent rules will allow for an efficient pretrial process and resolve any of Biomet's concerns about "the specificity of [Plaintiff's] infringement allegations." [DE 102 at 7].

The potential repleading requirement could indeed impose additional costs on the parties. However, any such costs cannot be attributed solely to the lifting of the stay. The parties will raise the repleading issue as they see fit whenever the stay is lifted. In fact, addressing the repleading issue sooner rather than later will only increase the efficiency of this litigation by helping narrow the focus of discovery – either through repleading or application of the local Patent Rules. Therefore, any burden imposed is significantly outweighed by the potential efficiencies gained.

Regardless of the repleading issue, however, neither party has stated with sufficient specificity what burdens they and the Court will face if the stay is lifted. Plaintiff only asserts that

this Court can resolve the case before the appeal process is statistically likely to end and nothing would be overly burdensome if litigation would proceed immediately. Biomet, on the other hand, correctly notes that litigation would impose costs, but without specifying what those costs might be. After all, the Court assumes that considerable discovery has already occurred as part of the IPR process, which should limit costs of discovery going forward. Moreover, nothing precludes a future stay should this case reach a dispositive or excessively expensive stage of litigation before the IPR appeal is resolved. As such, the burdens of proceeding so as to minimize time spent preparing for claim construction or dispositive motions, if necessary, once the IPR appeal concludes can be controlled.

Therefore, both parties' points are well-taken. Indeed, lifting the stay could help resolve this case, whether through possible repleading or a trial verdict, before Biomet's IPR appeal concludes or as quickly as possible thereafter. However, some unnecessary costs could be incurred if the stay is lifted and Biomet's IPR appeal moots this case, including the costs of possibly repleading the case. Therefore, because this factor does not weigh in favor of either party, it is neutral and does not weigh for or against lifting the stay.

### D. The Interests of Justice

The last factor to be analyzed is whether the totality of the circumstances and the interests of justice favor continuing the stay. In this aging case still in its early stages, the totality of the circumstances and interests of justice favor lifting the stay.

Plaintiff argues that the age of this case and the looming three-year IPR appeal process interferes with the parties' and the Court's obligation to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Plaintiff contends that its day in court has been delayed for too long and it is time for this case to move forward.

11

Once again, Biomet argues that the interests of justice cannot favor Plaintiff because the delay is of Plaintiff's own doing. Biomet contends that the interests of justice favor maintaining the stay so that it may pursue its appeals in the IPR and possibly eliminate this case. It further argues that Plaintiff cannot now complain of the length of the delay when it knew of the consequences of its decisions during the IPR process.

Plaintiff has agreed to delay this litigation for more than seven years during the IPR process, which may not end for another three years. Moreover, resolution of this litigation after the IPR concludes would require additional time, effectively delaying Plaintiff's day in this Court for more than ten years. In addition, the parties have actually been engaged in this litigation for seven years, despite the stay, through their concurrent engagement in the IPR process. In addition, the record does not clearly support Biomet's assertions that Plaintiff pursued the IPR process and this parallel litigation in a "disingenuous" manner. The totality of the circumstances and the interests of justice do not favor forcing Plaintiff to stay this case for up to ten years because of the inefficiencies of the IPR process, which were recognized by Congress when it revised the process in 2011. 35 U.S.C. § 321. Taken as a whole, all these circumstances show that extending the stay for another three or more years just does not comport with Rule 1's requirements for a "just, speedy, and inexpensive determination," especially when the Court retains the discretion to control the pace of litigation, even with another stay, should unanticipated situations arise. Accordingly, factor four's consideration of the totality of the circumstances and the interests of justice favor lifting the stay.

Taking all four factors into consideration, Biomet has not met its burden to show that extending the stay in this case pending completion of the IPR appeal process is warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff Puget BioVenture's motion to lift the stay on this case. [DE 96]. The Court **ORDERS** the parties to meet and confer in order to file a proposed Discovery Plan under Fed. R. Civ. P. 26(f) no later than **August 28, 2017**. Counsel are direct to the Court's website for a suitable form of report and discovery plan **("Report of the Parties Planning Meeting")**. Upon receipt of the discovery plan, the Court will set a date for a Fed. R. Civ. P. 169b) Preliminary Pretrial Conference at which the topics listed in Rule 16(b) and (c) will be addressed. Failure to timely file the proposed discovery plan may result in the imposition of sanction in accordance with Fed. R. Civ. P. 16(f).

Lastly, the Court notes with disappointment the vituperative tone of Biomet's brief in opposition to the motion to lift the stay. Biomet clearly disagrees with Plaintiff's position that the stay entered in this case should be lifted. In arguing against lifting the stay, Biomet cited almost no authority in support of its position and resorted to blaming Plaintiff for the parties' current predicament without supporting any of its accusations or arguments with authority. The Court notes that both Plaintiff and DePuy, the defendant in the parallel case, had no issue finding and citing authority to support its argument while maintaining a civil tone. As such, the Court **ADVISES** counsel for Biomet to support its legal assertions with authority in the future, avoid vituperative rhetoric, and adopt a more civil tone in the future of this litigation.

**SO ORDERED.**

Dated this 14th day of August 2017.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge